UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD M. SAYLES,<br><br>                    Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:13-cv-05736-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 29, 2014 |

Plaintiff has brought this matter for judicial review of Defendant Commissioner's denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, the Commissioner's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On February 1, 2010, Plaintiff protectively filed applications for SSI and DIB, alleging disability as of March 1, 2006, due to right knee damage, left ankle impairment, and left shoulder impairment. <u>See</u> Administrative Record ("AR") 130-31, 134-37, 156, 161. His applications were denied upon initial administrative review and on reconsideration. <u>See</u> AR 73-79, 81-84. A

REPORT AND RECOMMENDATION - 1

hearing was held before an administrative law judge ("ALJ") on August 25, 2011, at which Plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 38-68.

On December 16, 2011, the ALJ issued a decision finding Plaintiff to be not disabled. See AR 23-32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 25, 2013, making the ALJ's decision the Commissioner's final decision. See AR 1-6; see also 20 C.F.R. § 404.981, § 416.1481. On August 26, 2013, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF ##1, 3. The administrative record was filed with the Court on December 17, 2013. See ECF ## 11, 12. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to the Commissioner for payment of benefits, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; and (3) in assessing plaintiff's residual functional capacity ("RFC"). For the reasons set forth below, the undersigned disagrees that the ALJ erred in determining Plaintiff to be not disabled, and therefore recommends that the Commissioner's decision be affirmed.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the Commissioner applied "proper legal standards" and "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by

REPORT AND RECOMMENDATION - 2

substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.      The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff argues that the ALJ erred in failing to provide sufficient reasons to discount the opinion of treating provider Jacqueline McGrath, PA-C. Ms. McGrath completed a physical evaluation form opinion in December 2009, opining that Plaintiff was limited to sedentary work

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

due to his pushing, pulling, handling, and reaching limitations, which she expected to persist for six months. AR 255-60. The ALJ indicated that he discounted her opinion because she was not an acceptable medical source, but found that her findings as to Plaintiff's limited range of motion in his left shoulder were generally consistent with the rest of the medical record. AR 30.

A.   *Legal Standards*

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

In evaluating the weight to be given to the opinion of medical providers, Social Security regulations distinguish between "acceptable medical sources" and "other sources." Acceptable

REPORT AND RECOMMENDATION - 4

medical sources include, for example, licensed physicians and psychologists, while other non-specified medical providers are considered "other sources."  20 C.F.R. §§ 404.1513(a) and (e), 416.913(a) and (e); Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006).  Less weight may be assigned to the opinions of "other" sources.  Gomez v. Chater, 74 F.3d 967, 970 (9th Cir. 1996).  However, the ALJ's decision should reflect consideration of such opinions, and the ALJ may discount the evidence by providing reasons germane to each source.  Smolen v. Chater, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

B.  *The ALJ's Reasoning as to Ms. McGrath's Opinion Amounts to Harmless Error*

The ALJ erred in discounting Ms. McGrath's opinion simply due to her status as an "other" source, because ALJs are directed to consider such evidence.  SSR 06-03p, 2006 WL 2329939, at *3.  This error is harmless, however, in light of limited duration of Ms. McGrath's opinion as well as the more reliable evidence credited by the ALJ, namely the evaluation performed by physicians Lynn Staker, M.D., and Mark Heilbrunn, M.D.

Ms. McGrath's opinion that Plaintiff's limitations would persist for six months renders it irrelevant to the establishment of a disability, as defined by Social Security regulations.  *See* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1509, 416.909.

Also, the ALJ credited Dr. Staker's opinion that Plaintiff was limited to light work, and Dr. Heilbrunn's opinion that Plaintiff could sit for more than six hours per workday, and stand/walk for 5-6 hours per workday, and lift/carry up to 10 pounds frequently and occasionally with his left arm.  AR 30 (citing AR 251-54, 277-83).  The ALJ's reliance on these more reliable medical opinions, written by acceptable medical sources, renders harmless his erroneous reasoning as to Ms. McGrath's contradictory opinion.  See Molina v. Astrue, 627 F.3d 1104, 1119 (9th Cir. 2012).

REPORT AND RECOMMENDATION - 5

II.     The ALJ's Assessment of Plaintiff's Credibility

The ALJ provided a number of reasons to discount the credibility of Plaintiff's subjective testimony, including (1) failure to seek treatment despite allegations of disabling pain, (2) inconsistent statements, (3) suspicious timing of knee-related complaints, (4) lack of motivation to work, and (5) "generally benign" objective medical evidence.  AR 27-29.  Plaintiff contends that these reasons are not clear and convincing.

A.     *Legal Standards*

Questions of credibility are solely within the control of the ALJ. See Sample, 694 F.2d at 642.  The Court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580.  In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579.  That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996).  The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834.  The evidence as a whole must support a finding of malingering. See O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of

REPORT AND RECOMMENDATION - 6

credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen, 80 F.3d at 1284. The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. See id.

    B.    *Inconsistent Statements*

The ALJ noted that Plaintiff described the circumstances of his shoulder injury differently on different occasions. AR 27. When Plaintiff's first complained of his shoulder injury in the emergency room, he said that he injured his shoulder walking his dog. AR 234. Nine days later, he told a physician that he hurt his shoulder "lifting a heavy object." AR 249. A month after that, he told another provider that he injured his shoulder while dragging a heavy trash can with one hand and holding onto his dog's leash with the other hand. AR 271.

The ALJ's interpretation of these differing reports is not reasonable, because the reports are actually harmonious (if not identical). Thus, the Court finds that this reason does not support the ALJ's adverse credibility determination.

The ALJ also interpreted Plaintiff's allegation that he needed to rest for 24 hours after walking a half-mile to be inconsistent with his reports of walking his dog in July 2009 and October 2010. AR 29. There is no evidence in the record that Plaintiff walked his dog farther than a half-mile, and thus this evidence is not inconsistent with Plaintiff's allegations, and thus does not undermine Plaintiff's credibility.

    C.    *Lack of Motivation*

The ALJ noted that Plaintiff applied for benefits shortly after he stopped working without attempting to find a job that would accommodate his limitations. AR 29. Plaintiff contends that he last worked nearly four years before he applied for disability, and thus the ALJ's reasoning is

REPORT AND RECOMMENDATION - 7

based on inaccurate information.  ECF # 16, at 11.

Plaintiff consistently reported that he last worked in 2006, and his earnings records corroborate that report.  AR 47, 145-46, 152, 161-63.  Dr. Heilbrunn recorded that Plaintiff last worked in 2009, up until the time of his shoulder injury.  AR 278.  The ALJ relied on Dr. Heilbrunn's report of Plaintiff's work history to find that his benefits application followed on the heels of his injury, without effort to find a job that accommodated his limitations.  AR 29.

Even if the ALJ erred in relying on Dr. Heilbrunn's version of Plaintiff's work history, Plaintiff does not dispute that he did not attempt to find work that would accommodate his limitations.  The ALJ thus did not err in finding that the evidence showed that Plaintiff opted to apply for disability benefits rather than seek a job that would accommodate his limitations, or in finding that this evidence undermined Plaintiff's credibility.  See AR 47-48; Miglioretto v. Comm'r of Social Sec. Admin., 2013 WL 4876022, at *8 (D. Or. Sep. 11, 2013) (citing Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008)).

D.   *Timing of Knee-Related Complaints*

Plaintiff offers no challenge to the ALJ's reasoning that the timing of his reports of knee pain undermined his credibility, because he had not reported any knee difficulties whatsoever until a benefits-related examination in June 2010, after he had applied for benefits, after he had already undergone two DSHS evaluations "and received a significant amount of primary care."  AR 28.  This rationale is reasonable and supports the ALJ's adverse credibility determination.  See Molina, 674 F.3d at 1113-14 (holding that an unexplained failure to seek treatment until after applying for benefits is properly considered when assessing a claimant's credibility).

E.   *Failure to Seek Treatment*

The ALJ summarized Plaintiff's treatment history, and explained why various aspects of

REPORT AND RECOMMENDATION - 8

that treatment history — namely his failure to seek treatment or follow-through on referrals, and his failure to report experiencing symptoms of various conditions — undermined the credibility of his complaints of disabling impairments. AR 27-29. Plaintiff does not challenge this rationale, and the Court finds that it is a reasonable interpretation supported by substantial evidence, and undermines Plaintiff's credibility. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination.").

F. *"Benign" Objective Medical Evidence*

Plaintiff raises no particularized challenge to the ALJ's reliance on "benign" objective medical evidence as a basis to discount his credibility, but instead challenges the ALJ's interpretation of the medical evidence as it relates to his RFC assessment. ECF # 16, at 9. Thus, the Court will address the medical evidence in the subsequent section, *infra*, regarding the ALJ's RFC assessment.

Because the ALJ provided a number of clear and convincing reasons to discount Plaintiff's credibility that are independently valid and supported by substantial evidence, the ALJ's error in interpreting purportedly inconsistent statements is harmless. See Carmickle v. Comm'r of Social Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008).

III.   The ALJ's Assessment of Plaintiff's RFC

The ALJ found Plaintiff capable of performing light work as defined by 20 C.F.R. §§ 404.1567(b), 416 967(b), with the following additional limitations:

> The claimant can occasionally push and pull with bilateral upper extremities. No climbing ladders, ropes, or scaffolds, only occasional stairs and ramps. No crouching, kneeling, or crawling. He can occasionally reach with the bilateral upper extremities.

REPORT AND RECOMMENDATION - 9

AR 26.  Plaintiff argues that the ALJ's RFC assessment is erroneous because the combination of his hip and knee impairments plus obesity would preclude the standing/walking envisioned in light work, and because the ALJ failed to account for his obesity in any meaningful way.

    A.    *Legal Standards*

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled.  See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.  If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends.  See id.  If a disability determination "cannot be made on the basis of medical factors alone" at step three of that process, the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities."  SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996).  A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work.  See id.

RFC thus is what the claimant "can still do despite his or her limitations."  Id.  It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record.  See id.  However, an inability to work must result from the claimant's "physical or mental impairment(s)."  Id.  Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments."  Id.  In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence."  Id., at *7.

    B.    *Stand/Walk Limitations*

Plaintiff contends that his combination of impairments would limit his ability to "stand

REPORT AND RECOMMENDATION - 10

and walk for extended periods," but he cites no evidence credited by the ALJ so indicating. ECF # 16, at 8. He notes that there is no medical opinion evidence post-dating his October 2010 fall and compression fracture, but does not explain how this contributes to an error on the ALJ's part. Plaintiff retains the burden to present evidence establishing the existence of functional limitations. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999).

Furthermore, as noted by the ALJ, Plaintiff failed to seek any treatment for months after the fall that purportedly exacerbated his hip pain and knee pain, which he now claims prevents him from standing/walking. AR 29. The ALJ explained that Plaintiff's lack of treatment, combined with normal range-of-motion findings as to his hip, suggest that his complaints of disabling hip pain are not credible. AR 26, 29. The ALJ also explained that Plaintiff complained of knee pain only "intermittently[,]" "most prominently when he was being examined for benefits[,]" which led the ALJ to discount the credibility of those subjective complaints as well. AR 29. Thus, Plaintiff's allegation that the ALJ failed to give a "legally sufficient explanation" for the failure to accommodate his alleged limitations caused by hip and knee pain is not supported by substantial evidence in the record. ECF # 16, at 8.

C.   *Obesity*

Although Plaintiff suggests that the ALJ's decision fails to account for any limitations caused by his obesity, other than simply including it as a severe impairment at step two, he has not cited any evidence credited by the ALJ showing that his obesity actually caused any limitation that should have been included. ECF # 16, at 8-9. Plaintiff contends that the ALJ should have considered "possible" effects of obesity (ECF # 16, at 9), but ALJs are not required to speculate as to what limitations could be caused by obesity. See SSR 02-1p, 2002 WL 34686281, at *6 (Sep. 12, 2002) ("[W]e will not make assumptions about the severity or

REPORT AND RECOMMENDATION - 11

functional effects of obesity combined with other impairments.  Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment."). Thus, Plaintiff has failed to establish error in the ALJ's assessment of his obesity.

For these reasons, the Court concludes that Plaintiff has failed to establish error in the ALJ's RFC assessment.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ properly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as well that the Court affirm defendant's decision.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **August 29, 2014**, as noted in the caption.

DATED this 5th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12